UNITED STATES of America, Plaintiff,

v.

Michael L. JONES, Defendant.

UNITED STATES of America, Plaintiff,

v.

Scott R. HIGGINBOTHAM, Defendant.

UNITED STATES of America, Plaintiff,

v.

Michael Patrick BAKER, Defendant.

Crim. Nos. 81–10017–01, 81–10018–01, 81–10017–02, 81–10018–02.

United States District Court,
D. Kansas.

Nov. 17, 1981.

Jack Williams, Asst. U. S. Atty., Wichita, Kan., for plaintiffs.

Robert Brown, Wichita, Kan., for defendant Higginbotham.

Evan Olson, Wichita, Kan., for defendant Baker.

Charles D. Anderson, Asst. Fed. Public Defender, Wichita, Kan., for defendant Jones.

## MEMORANDUM AND ORDER

KELLY, District Judge.

The above-captioned matters all have come to the Court's attention through motions filed in each case to modify each defendant's original sentence. All three defendants pled guilty to bank robberies of institutions insured by the FDIC in violation of 18 U.S.C. § 2113(a). Michael L. Jones and Michael Patrick Baker entered their guilty pleas on May 5, 1981, to robbing $2,404.75 from the Haven State Bank of Haven, Kansas. On May 18, 1979, Jones entered this bank and through force and intimidation took the above sum of money and made his escape with Mr. Baker acting as the driver of the getaway car. Approximately one and one-half years later, on December 19, 1980, Mr. Jones entered the Nickerson State Bank of Nickerson, Kansas, and through force and intimidation with a gun took $28,655.00 from the bank in violation of 18 U.S.C. 2113(a) and 18 U.S.C. § 924(c). This time Mr. Jones' partner in the bank robbery was Mr. Higginbotham, who drove the getaway car.

All three men were eventually arrested. Each entered a guilty plea, and presentence reports were ordered prepared. Mr. Baker appeared for sentencing on June 11, 1981, at which time this Court found him suitable for sentencing under the Federal Youth Corrections Act (FYCA), 18 U.S.C. §§ 5005–5026. The Court thereafter sentenced Mr. Baker under 18 U.S.C. § 5010(b) and committed him to the custody of the Attorney General for treatment and supervision. Mr. Higginbotham entered his guilty plea on March 23, 1981, and was sentenced on May 5, 1981. This Court also found him suitable for handling under the FYCA, and he was committed to the custody of the Attorney General under 18 U.S.C. § 5010(b). On April 8, 1981, Mr. Jones entered guilty pleas regarding both bank robberies and appeared for sentencing on both cases on May 7, 1981. At that time, the Court determined this defendant was eligible and suitable for handling under the FYCA, and as a young adult offender, 18 U.S.C. § 4216. The Court then committed Mr. Jones to the custody of the Attorney General pursuant to 18 U.S.C. § 5010(c) for a period of ten (10) years, or until discharged by the Parole Commission pursuant to 18 U.S.C. § 5017(d). The sentences for both bank robberies by Mr. Jones were ordered to run concurrently.

Subsequently, all three defendants filed motions pursuant to F.R.Crim.P. 35, requesting the Court to modify their sentences, and each motion was denied. After Mr. Baker's motion to modify was denied by the Court on July 12, 1981, his attorney filed a motion further requesting the Court to reconsider its earlier decision to not modify Mr. Baker's sentence, on the basis that Mr. Baker's probation would pose no risk to public safety and would be in this defendant's best interest. The Court thereafter took defendant Baker's newest motion under advisement, and by order dated August 19, 1981, requested counsel for Baker, Higginbotham and the Federal Public Defender's Office to present arguments in written form regarding the factors which a sentencing judge can properly take into account when sentencing under the FYCA. By this August 19 order, the Court also brought Higginbotham's case back for reconsideration of his original sentence, and on August 31, Jones' counsel filed a motion to modify his sentence. Well presented briefs were then filed by these attorneys and the U.S. Attorney, and the Court heard oral argu-

ment regarding this issue on October 30, 1981.

■ The issue concerning the Court in the cases at bar is whether a sentencing court can properly consider public deterrence and the seriousness of a crime as factors when determining the sentences of defendants suitable for handling under the FYCA. It is clear that this Act stresses rehabilitation and correction rather than retribution, and "... that once a person [is] committed for treatment under the Act, the execution of sentence [is] to fit the person, not the crime for which he was convicted." *Dorszynski v. United States*, 418 U.S. 424, 434, 94 S.Ct. 3042, 3048, 41 L.Ed.2d 855 (1974). A trial court, once it has determined that a young offender is suitable for treatment under the Act, may determine to put the youth on probation and suspend the sentence if "the court is of the opinion that the youth offender does not need commitment." 18 U.S.C. § 5010(a). In other words, if the sentencing court feels the youth does not need treatment in a FYCA institution, and determines that his exposure there with more troubled youths would be more detrimental than positive, the court may put the young offender on probation.

In the cases of Higginbotham and Baker in particular, this Court remarked while sentencing them that their presentence reports indicated that both otherwise appeared to be law-abiding and that it was unlikely that either would become involved in any criminal activity in the future. However, in both cases this Court stated from the bench that regardless of their apparent lack of need for further treatment in a FYCA institution, this Court would not as a general rule put a bank robber on probation primarily for reasons of public deterrence.

The treatment of persons sentenced under the FYCA recently received the Tenth Circuit's attention in *Watts v. Hadden*, 651 F.2d 1354 (10th Cir. 1981). This case is not controlling here, since it deals with the release guidelines utilized by the Parole Commission when determining the proper release date for inmates already committed under the FYCA to the Attorney General's custody. However, since there is much in common with the initial sentencing by a trial judge and the Parole Commission's decision regarding release, this case is relevant. The appellate court noted that 18 U.S.C. § 5017(a) of the FYCA was amended by Congress in 1976 to direct the Parole Commission to conditionally release a committed youth offender in accordance with 18 U.S.C. § 4206. Section 4206 sets out the factors to be considered by the Parole Commission when determining the proper release date for a non-FYCA inmate. This section provides in pertinent part:

(a) If an eligible prisoner has substantially observed the rules of the institution or institutions to which he has been confined, *and if the Commission, upon consideration of the nature and circumstances of the offense and the history and circumstances of the prisoner, determines*:

(1) *that release would not depreciate the seriousness of his offense or promote disrespect for the law*;

. . . . .

such prisoner shall be released. (Emphasis added).

The issue in Part 2 of the *Watts* case was whether Congress intended, by amending § 5017(a), in which it referred FYCA inmates to parole consideration under § 4206, to mean that the rehabilitative purposes of the FYCA should no longer be considered by the Parole Commission. The Court of Appeals resolved this matter by deciding that "Congress intended the Parole Commission to consider both the factors set forth in Section 4206 and the factors that are made relevant by the Youth Corrections Act in evaluating the parole prognosis of YCA offenders." *Id.*, Part 2 at p. 39. Consequently, at least when the Parole Commission is considering the parole release date of a FYCA inmate, the factors of public deterrence and seriousness of the offense committed can be considered.

■ When sentencing a non-FYCA defendant, the Court can properly take into

consideration such factors as the severity of the offense committed and public deterrence. However, when a FYCA defendant is up for sentencing, these two factors cannot be automatically referred to, but rather the sentencing judge must consider each defendant's situation individually. *See Durst v. United States*, 434 U.S. 542, 545, n. 5, 98 S.Ct. 849, 851, n. 5, 55 L.Ed.2d 14 (1978). Thus, once a judge has decided a defendant should be handled under the FYCA, the judge should, in evaluating the rehabilitative needs of the defendant, consider such factors as the youthful offender's prior criminal record, if any, his work history, his willingness to cooperate in his case, and any other factor indicative of his need for treatment in the Attorney General's custody.

The U.S. Attorney's position here is that another purpose of the FYCA is to increase the flexibility and options available to a judge when deciding how to sentence a young offender. *Dorszynski v. United States*, 418 U.S. 424, 436–37, 94 S.Ct. 3042, 3049–3050, 41 L.Ed.2d 855 (1971). The government thus reasons that it is proper to consider public deterrence and the seriousness of an offense, since eliminating these two factors from consideration would only limit the flexibility and discretion of the sentencing judge. In a very recent case from the Second Circuit, a young offender's sentence was reversed because the trial judge took the inflexible position that he would never sentence a youthful offender under the FYCA. *United States v. Menghi*, 641 F.2d 72, 75–76 (2nd Cir. 1981).

 In further support of the government's position, the U.S. Attorney cites the appellate court decision in *United States v. Waters*, 437 F.2d 722 (D.C.Cir.1970). In this case, a 19 year old defendant pled guilty to three counts of robbery and three counts of assault with a dangerous weapon, and he was thereafter sentenced as an adult rather than under the FYCA. The appellate court found the sentencing judge abused his discretion in not finding the defendant suitable for treatment under the FYCA. In discussing the trial court's initial sentence, the appellate court stated:

It would appear that the District Court not only desired rehabilitative treatment for this particular youth offender, but also desired to impose a stringent penalty to serve as a deterrent to other potential offenders, therefore the 4 to 12 years sentence plus the recommendation for confinement in a youth institution. However, the statutory scheme does not envisage this particular combination of rehabilitation and deterrence. It appears that once it is determined that the convicted person is a youth offender (ages 18 to 22), then Congress has decreed priority for the goal of rehabilitation. *The objective of deterrence may be taken into account by the trial judge, not by overriding the statute's rehabilitation provisions, but rather by combining them with a sentence exposing the defendant to a maximum term greater than that called for in subsection (b).* (Emphasis added) (footnotes omitted).

*Id.*, 437 F.2d at 726.

This Court finds the above reasoning to be persuasive. It recognizes the paramount importance of rehabilitation when sentencing a young offender, and yet allows the trial court discretion to consider the seriousness of the offense committed and the related public deterrence factor. This Court also finds persuasive the argument that any young person who would participate in such a serious crime as robbing a bank, on one occasion with a gun, would likely benefit by treatment in a FYCA institution. Consequently, this Court does not feel that its initial sentences for Baker and Higginbotham were incorrect. Nevertheless, this Court acknowledges that it gave undue import to the seriousness of their crimes when it originally denied their motions to modify. Given their favorable progress since going into custody, this Court feels that they are well on the way toward rehabilitation and would no longer benefit by further detainment in their respective FYCA institutions.

Counsel for Michael Jones has also filed a motion to reconsider this Court's original sentence. Jones is now sentenced under § 5010(c). The circumstances surrounding Jones' case are different, in that he was the

mastermind of the robberies and was the one who actually entered the banks during the robberies. The reports on Jones from the F.C.I. in El Reno, Oklahoma, indicate that his work there toward self-betterment has been favorable. Consequently, the Court finds that his sentence under § 5010(c) is inappropriate because it is evident that he will derive maximum benefit from treatment prior to the expiration of six (6) years from the date of his conviction.

IT IS, THEREFORE, ORDERED that the Rule 35 motions of Baker and Higginbotham to modify their sentences are hereby sustained. Accordingly, their sentences shall be modified from 18 U.S.C. § 5010(b) to § 5010(a), and they are therefore ordered to be released from the custody of the Attorney General as soon as this order is received by the Attorney General and no later than November 24, 1981. The Court further orders that defendants Higginbotham and Baker are to appear before this Court on December 4, 1981, at 1:00 P.M.

IT IS FURTHER ORDERED that the Rule 35 motion of Michael Jones is also granted. It is ordered that his original sentence, 18 U.S.C. § 5010(c), shall be modified to 18 U.S.C. § 5010(b). He shall remain in the custody of the Attorney General for treatment and supervision until discharged by the Parole Commission as provided in 18 U.S.C. § 5017(c).